**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DEAN EDWARD CALHOUN,** | § | |
| **TDCJ No. 02266123,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-22-CA-01185-JKP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Dean Edward Calhoun's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Reply (ECF No. 15) thereto. Petitioner challenges the constitutionality of his 2010 plea of guilty to assaulting a family member and his subsequent placement on deferred community supervision. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. **Procedural History**

In August 2010, Petitioner pled guilty in Comal County, Texas, to one count of assault family violence with a prior conviction. Pursuant to the plea bargain agreement, Petitioner

acknowledged the range of punishment he was facing, judicially confessed to committing the offense, and waived his right to trial in exchange for the State's recommendation that Petitioner be placed on community supervision.  (ECF No. 11-13 at 10-15).  The trial court accepted the terms of plea bargain agreement, deferred an adjudication of guilt and placed Petitioner on community supervision for a period of eight years.  *State v. Calhoun*, No. CR2010-216 (207th Dist. Ct., Comal Cnty., Tex. Aug. 17, 2010); (ECF No. 13-25 at 18).  Petitioner did not appeal this determination.

Instead, Petitioner challenged his guilty plea by filing five different state habeas corpus applications.  *Ex parte Calhoun*, Nos. 82,240-01, -02, -03, -06, and -07 (Tex. Crim. App.).  Petitioner's first state habeas application was filed on August 13, 2014, but was later dismissed on October 22, 2014, by the Texas Court of Criminal Appeals as noncompliant with Tex. R. App. P. 73.1, which requires the use a specific form application.  (ECF Nos. 12-1 at 19, 12-6).  Over the next few years, Petitioner filed four more state habeas applications challenging his guilty plea and placement on community supervision, but each were dismissed by the Texas Court of Criminal Appeals because Petitioner's community supervision had not been revoked. (ECF Nos. 12-11, 12-14, 13-4, and 13-9).

Petitioner remained on community supervision until the State filed a motion to revoke due to Petitioner's failure to comply with several conditions of his community supervision. (ECF No. 13-26 at 2-10).  Petitioner pled true to one of alleged violations, and on March 14, 2019, the trial court found Petitioner guilty of the underlying offense, revoked his community supervision, and sentenced him to four years of imprisonment.[1]  *State v. Calhoun*, No. CR2010-

---

[1]    Petitioner failed to appear at his previous revocation hearing and was charged with bail jumping and failure to appear.  Petitioner proceeded to trial on that charge, and the trial court conducted the revocation hearing in cause number CR2010-216 during the same proceeding.  In addition to the revocation, conviction, and four-year sentence in cause number CR2010-216, Petitioner was also convicted of bail jumping and failure to appear and sentenced to

216 (207th Dist. Ct., Comal Cnty., Tex. Mar. 14, 2019); (ECF No. 11-13 at 2-8).   Again, Petitioner elected not to appeal this determination.  (ECF No. 13-23 at 4-5).  Petitioner did file a state habeas corpus application challenging his revocation and sentence, but the Texas Court of Criminal Appeals dismissed the application as an abuse of the writ on March 11, 2020, because it was supported by evidence that Petitioner knew to be false.  *Ex parte Calhoun*, No. 82,240-10 (Tex. Crim. App.); (ECF Nos. 13-15, 13-35, and 13-36).

Petitioner then placed the instant federal habeas corpus petition in the prison mail system on October 21, 2022.  (ECF No. 1 at 10).  In the § 2254 petition, Petitioner raises numerous allegations challenging his 2010 guilty plea and subsequent placement on deferred community supervision by the Comal County trial court.   Specifically, Petitioner argues that: (1) he is actually innocent of the assault, (2) the prosecution committed misconduct by pursuing the charges despite evidence of his innocence, (3) his appellate counsel rendered ineffective assistance by advising him not to file a *pro se* state habeas application, and (4) his prosecution was malicious and supported by a falsified police report.  Notably, the § 2254 petition does not appear to challenge the Comal County trial court's subsequent revocation of his community supervision and adjudication of guilt in March 2019.

## II.  Timeliness Analysis

Respondent contends Petitioner's allegations concerning his August 2010 guilty plea and subsequent placement on community supervision are barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

twenty-five years of imprisonment.  *See State v. Calhoun*, No. CR2016-293 (207th Dist. Ct., Comal Cnty., Tex. Mar. 14, 2019).  His conviction in cause number CR2016-293 is the subject of a separate federal habeas corpus proceeding.  *See Calhoun v. Lumpkin*, No. 5:22-cv-1195 (W.D. Tex.).

> judgment of a State court.  The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's judgment became final September 16, 2010, when the time for appealing his judgment and sentence expired.  *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence); *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005) (finding an order of deferred adjudication to be a judgment for § 2244 purposes).

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his guilty plea and community supervision expired a year later on September 16, 2011.  Because Petitioner did not file his § 2254 petition until October 21, 2022—over eleven years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.[2]

## A.      **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

---

[2]      Even if Petitioner's § 2254 petition were construed as challenging the trial court's March 2019 revocation and adjudication of guilt, the petition would be untimely.  In that scenario, Petitioner's conviction would become final on April 15, 2019—thirty days after the trial court imposed its sentence.  The one-year limitations period would then expire a year later on April 15, 2020.  Petitioner did not file his § 2254 petition until October 2022, still over two years too late.

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  As discussed previously, Petitioner's five state habeas applications challenging his guilty plea and subsequent placement on community supervision were submitted in August 2014 or later, well after the limitations period expired for such challenges in September 2011.  Because Petitioner filed his state habeas applications after the time for filing a federal petition under § 2244(d)(1) has lapsed, they do not toll the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[3]

**B.**   **Equitable Tolling**

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

---

[3]        Petitioner *would* be entitled to statutory tolling under § 2244(d)(2) if Petitioner were challenging the trial court's March 2019 revocation and adjudication of guilt as discussed in the previous footnote.  Petitioner challenged the trial court's March 2019 revocation and adjudication of guilt by filing a *pro se* state habeas application on January 16, 2019, which was eventually dismissed by the Texas Court of Criminal Appeals on March 11, 2020. This would toll the limitations period—which again, in this scenario, expired on April 15, 2020—for a total of 421 days, making a federal petition due June 10, 2021.  Again, Petitioner did not file the instant § 2254 petition until October 21, 2022—well over a year too late.

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period.  In his § 2254 petition, Petitioner contends that he "had to wait until the mandate for the parent charge" issued before filing a state or federal habeas petition challenging his conviction.  (ECF No. 1 at 9).  However, Fifth Circuit precedent clearly indicates the mandate date is irrelevant for limitations purposes.  *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (holding "the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A).").

Petitioner also contends that his direct appeal counsel "mislead" him into waiting to file a federal petition that encompasses his convictions in both cause number CR2010-216 and in cause number CR2016-293.  (ECF No. 1 at 7, 9, 12).  But this argument ignores the fact that Petitioner's allegations all relate to his original guilty plea and placement on community supervision in August 2010, well before his subsequent convictions in the above causes in March 2019.  Moreover, ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during a post-conviction collateral attack upon a criminal conviction.  *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).  Mere attorney error or neglect will not establish extraordinary circumstances warranting equitable tolling.  *Id*.  Nor will a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process.  *Id*. at 365-66; *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Regardless, Petitioner fails to demonstrate that he has been pursuing his rights diligently.  Although each of the allegations in Petitioner's federal petition that are currently before this Court concern the constitutionality of his August 2010 guilty plea and placement on community supervision, Petitioner did not submit a state habeas corpus application challenging these

proceedings until August 2014, almost four years after his conviction had already become final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited over two and a half years after the Texas Court of Criminal Appeals dismissed his final state habeas application in March 2020 before filing the instant federal petition in this Court.

Consequently, even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated that he has been pursuing his rights diligently, much less that "extraordinary circumstances" prevented his timely filing. Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

## C.    Actual Innocence

Finally, Petitioner appears to contend that his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is

required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324.

Petitioner does not meet this demanding standard. Petitioner's argument relies almost exclusively on an "affidavit" from the victim stating he was innocent of the assault. However, Petitioner fails to show that the affidavit was unavailable at the time of his guilty plea or constitutes "*new* reliable evidence" establishing his innocence. Indeed, both the trial court and the Texas Court of Criminal Appeals found the affidavit to be fraudulent during Petitioner's state habeas proceedings. (ECF Nos. 13-34 at 6-7, 13-35). Consequently, Petitioner's allegation does not undermine confidence in the outcome of his trial and will not excuse the untimeliness of his federal habeas petition under the actual-innocence exception established in *McQuiggin*.[4]

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of

---

[4]  To the extent Petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing deadline by over eleven years and provided no justification for the application of tolling. For these reasons, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV. <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Dean Edward Calhoun's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 30th day of January, 2023.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**